PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* MARCOS JIMÉNEZ, Defendant and Appellant.

No. 3221. Argued November 29, 1927.—Decided December 13, 1927.

*R. Martínez Nadal* and *L. Tormes* for the appellant. *José E. Figueras* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Marcos Jiménez was convicted of carrying a weapon, upon an information which specifies a firearm alleged to be an instrument capable of producing bodily injury.

The information seems to have been filed on February 2, 1927.

On February 15th the district court upon motion of counsel for defendant set aside a previous order directing the arrest of the accused and requiring the sureties on a bail bond to show cause why a forfeiture thereof should not be decreed. Thereupon the information was read, defendant pleaded not guilty and delivery of a copy of the information was accompanied by an announcement from the bench that the case would be set for trial.

Here defendant either overlooked or deliberately ignored an excellent opportunity to raise any question as to formal defects in the information, or at least to give notice of an intention to raise such question and to request that the case should not be set for trial until such preliminary question could be decided. The case was called for trial on March 2nd and defendant, thereupon, mentioned the existence of a demurrer to the information, upon the ground that the facts as therein stated did not constitute an offense, and submitted the question to the court without further comment or argument.

The court promptly overruled the demurrer upon the authority of *People* v. *Velasco*, 36 P.R.R. 244, and in so doing quoted from the opinion in that case the following passage: ''In the absence of timely objection in the court below and of anything more definite in the way of authority to support a contrary conclusion, we are constrained to hold that the information states an offense.''

To this ruling defendant was content to take an exception without stating any ground whatever therefor or attempting to distinguish in any way the case at bar from the *Velasco Case* referred to by the trial judge.

Appellant now complains that the court erred in overruling a motion to quash the information based upon the ground that the facts stated do not show the commission

of an offense by the accused, and that Law No. 14 is unconstitutional.

The motion in question is dated March 2nd, 1927. There is no file mark. There is nothing whatever to show whether the case was called for trial in the morning or the afternoon of that day or whether the motion was filed before or at the time the case came on to be heard. In either event there is nothing to show that the attention of the trial judge was called at any time to the fact that the constitutionality of the statute was sought to be challenged. Nor, as already pointed out, was there any intimation that perhaps a distinction could be drawn between the instant case and the one cited by the trial judge as authority for his ruling. *People* v. *Velasco, supra,* and *People* v. *Paris,* 25 P.R.R. 103, were cited and followed in *People* v. *Piris,* 36 P.R.R. 446, which was decided some three weeks after the date of the incident now under discussion.

Upon the same principle which controlled in the decision of the three cases last above mentioned, and conceding for the sake of argument that the court below actually overruled the motion to quash, as now suggested by appellant, we find no reversible error in such action.

Nevertheless, we do not understand why a prosecuting attorney should persist in concealing from the defendant in a criminal case the kind of firearm which is to be identified and offered in evidence at the trial as the weapon referred to in the information. If the purpose of such perseverance is to obtain eventually a definite ruling by this court upon a technical, more or less doubtful, and, from the standpoint of the prosecution, trivial question, whether out of idle curiosity or otherwise, then we should be glad to have some citation of authority in support of the form of pleading which seems to have been adopted and uniformly adhered to in cases of this sort in the Ponce district.

With reference to the only other contention of appellant,

namely, that the judgment is contrary to the law and the evidence, it will suffice to say that we have examined the stenographic record in the light of the argument contained in the brief for appellant and have discovered no sufficient ground for reversal.

The judgment appealed from must be affirmed.